HENRY J. DUNHAM vs. INHABITANTS OF STOCKBRIDGE.

Berkshire. Sept. 13, 1881. — Sept. 7, 1882. LORD, DEVENS & C. ALLEN, JJ., absent.

If a town offers a reward for the detection and conviction of an incendiary, and information which leads to the discovery of the criminal is first obtained by a state detective, (who is prohibited by the St. of 1875, c. 15, § 6, from claiming any part of the reward,) and he communicates such information to another person, upon whose advice the criminal confesses his guilt to him and to the officer together, and conviction is secured upon proceedings founded on the confession, such person is not entitled to maintain an action against the town for the recovery of the reward.

CONTRACT to recover a reward of $500, offered by the defendant town, for the detection and conviction of the person or persons who set fire to the buildings of one Jeremiah Buck. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff and John Crosby, Jr., a state detective under the St. of 1875, c. 15, who had been requested by the defendant's selectmen to investigate and discover the incendiary, worked in the matter together and in concert: the plaintiff to obtain the offered reward, and Crosby in the discharge of his duty, he not being authorized to receive the reward. They had been unable to obtain evidence to justify the arrest of any person for having set fire to said buildings, until one Rebecca Leman, who had been committed to jail in Pittsfield to await trial on a charge of adultery, while in jail, sent for Crosby and told him she would state what she knew about said fires, if he would have the plaintiff come and see her, and she should be advised by him to do so. Crosby tried to have her tell him alone, but she refused to tell what she knew unless the plaintiff advised her. Thereupon Crosby wrote communicating this request and proposal to the plaintiff at Stockbridge, who came, saw and advised Leman to make the statement; and, after he had talked with her, he told Crosby that she was then willing to tell what she knew ; and she was bailed by the plaintiff and Crosby, and went with them to Crosby's office, where, in the presence and hearing of both the plaintiff and Crosby, she verbally confessed that

she was the person who set fire to said buildings, and gave the particulars thereof; and the plaintiff reduced the material part of this confession to writing. No other or further investigation touching these fires was made after said confession; and the plaintiff then and there made out three complaints, in which Crosby was the complainant, against Leman for the offences thus confessed, which complaints Crosby, upon the plaintiff's request, signed and took, and procured warrants upon, and arrested Leman forthwith thereon. She was taken to the District Court of Central Berkshire, to which said warrants were returnable, and was at once arraigned on each, and to each pleaded guilty, and the plaintiff and Crosby were recognized as witnesses thereon, and she was committed in default of bail to jail for trial; and at the ensuing criminal term of the Superior Court three indictments were found against her for said offences, to each of which she pleaded guilty, and was sentenced thereon. There was no evidence controlling these facts upon any point material to these exceptions.

Crosby was a witness for the plaintiff at the trial of the present case, but disclaimed any right to share in the reward.

The defendant requested, among others, the following instruction: "3. Knowledge and information obtained by a state detective and imparted to the plaintiff, whereby a confession was made to both the plaintiff and the state detective by an incendiary for whose detection and conviction a reward was offered, would not entitle the plaintiff to a verdict, even though conviction is had by the incendiary's pleading guilty to the offence on the complaints and indictments had on such confession."

The judge refused the defendant's requests for instructions; and in relation to the third request instructed the jury that, "if the knowledge and information therein referred to was in substance such as to detect and convict the offender, then its impartation by Crosby to the plaintiff would not entitle the plaintiff to claim the reward; but if, on the other hand, it was merely information that Leman upon certain conditions would disclose what she knew as to the setting of the fires, and the first statement by her leading to her detection and conviction was obtained by the subsequent influence and advice of the plaintiff, then he might recover."

· The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. P. Pingree & J. M. Barker*, for the defendant.

*A. J. Waterman*, for the plaintiff.

FIELD, J. The St. of 1875, c. 15, entitled "An act to establish a state detective force for the better enforcement of the laws," provides, in § 5, that "said chief and said detectives shall aid the Attorney General, district attorneys and magistrates in procuring evidence for the detection of crime and in the pursuit of criminals," and in § 6, that "neither the chief nor any member of the force shall receive any share in rewards or any compensation, gift or gratuity, directly or indirectly, on account of his official services, except rewards publicly offered, and then only when, in special cases and after the services have been rendered, permission so to do is granted by the Governor and Council." It does not appear that permission to Crosby to receive any share in this reward has been granted by the Governor and Council, and it must be taken that Crosby was prohibited by law from claiming any part of this reward. See also *Pool* v. *Boston*, 5 Cush. 219.

If Crosby had not been prohibited by law from claiming this reward, and if receiving a confession under the circumstances stated in the exceptions can be called detecting a criminal, upon which we express no opinion, either Crosby alone, or Crosby and the plaintiff jointly, would be entitled to the reward. There is no evidence of any independent act on the part of the plaintiff that would entitle him alone to claim the whole reward. The information that led to the confession was first received by Crosby and by him communicated to the plaintiff, and although this was information that she would tell what she knew about the fires, and not that she herself had set them, yet this last statement was obtained by the plaintiff acting on the specific information given by Crosby and at Crosby's suggestion or request, and was obtained by his persuading her to tell what she knew about the fires, and was literally what she knew about them.

No independent act not contemplated by Crosby, and not specifically within the terms of his request, was done by the plaintiff that led to the detection and conviction of Leman. As

Crosby is prohibited by law from claiming the reward, the plaintiff cannot claim in his right or jointly with him. To hold otherwise would be to defeat the intent of the statute. The plaintiff cannot receive the reward in whole or in part to Crosby's use. Undoubtedly a person may act in concert with an officer, and while so acting may discover evidence which may entitle him to the whole reward, but when the information which led to the discovery was first obtained by the officer, and then such information was communicated by him to another person, who acted on it specifically according to the request and direction of the officer, it is doubtful whether such a person must not be regarded as the agent of the officer. It may be that in this case, without the advice of the plaintiff, Leman might never have confessed her crime; but it is also true that there is no evidence that, if the information received by Crosby from her had not been communicated to the plaintiff, the plaintiff would ever have given the advice, or have known or suspected that Leman had any information to give. On the evidence, we think that the defendant's third request for instructions should have been given, and that the distinction made by the learned justice in the instructions given in place of it cannot be supported.

*Exceptions sustained.*