A. A. BURKEE v. M. M. MATSON and Another.[1]

April 28, 1911.

Nos. 17,019—(68).

**Interpleader — trial by court.**

After claimants to an offered reward have interpleaded under the statute and raised an issue as to their respective rights in the reward, a case is made properly triable by the court without a jury.

[1] Reported in 130 N. W. 1025.

[Note] Right of public officer to claim reward for arrest, see note in 11 L.R.A.(N.S.) 1170.

**Same — claimants' share in reward.**

On the trial of such case, the right of each claimant to the whole or a portion of the reward should be determined, even though by consent a jury trial is had.

**President of village council.**

It is not part of the official duty of the president of a village council to detect and apprehend persons suspected of committing crimes outside of his village. Such officer may therefore earn a reward offered for the arrest and conviction of the perpetrators of such a crime.

Action in the district court for Roseau county to recover $250 reward offered by The Minnesota Bankers' Association. The money was paid into court by the association and the other claimants made parties defendant to the action. The answer of defendant Matson alleged that on or about April 30, 1908, pursuant to the offer of reward, defendant furnished information leading to the arrest of Joseph Zalinski; that prior to the commencement of the action, for a valuable consideration, defendants Anderson and Jackson sold and assigned to Matson all their rights in the reward; that defendant Matson demanded payment of the reward from the Minnesota Bankers' Association, but no part had been paid. The reply was a general denial. The case was tried before Grindeland, J., and a jury which returned a verdict in favor of Matson for the amount demanded. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Reversed.

*George M. Stebbins* and *Tawney, Smith & Tawney,* for appellant.
*Constant Larson,* for respondents.

SIMPSON, J.

The Minnesota Bankers' Association offered a reward of $250 for the arrest and conviction of any person blowing the safe or vault of any member of the association. The Scandia Bank of Stephen, a member, had its safe blown and its bank burglarized. One Joseph Zalinski was arrested and convicted of the crime. The plaintiff brought an action against the association, claiming the right to recover the offered reward. Thereupon, on its application, the as-

sociation was permitted to pay the amount of the reward into court. Three parties, represented to be claimants of the reward, were joined as defendants, and an order of interpleader made. One of the parties so joined answered, claiming right to the reward. The issue so made was tried by a jury, and the answering defendant had a verdict for the full amount of the reward. The plaintiff appeals from an order denying his alternative motions for judgment notwithstanding the verdict or for a new trial.

The parties elected to try the case before a jury, rather than to follow the usual and more appropriate practice of submitting their respective claims to the whole or to a part of the fund for determination to the trial judge. The statutory proceeding of interpleader, where applicable, provides substantially the remedy formerly obtained by a bill of interpleader in equity. Where, upon the issues framed, it is apparent, as in this case, that the right of one person to participate in the fund involved is not necessarily exclusive of the rights of others therein, and that the facts may require an equitable distribution of the fund, a proper case is presented for trial by the court, and neither side is entitled, as a matter of right, to a jury trial. Weibeler v. Ford, 61 Minn. 398, 63 N. W. 1075.

Under the issues made, each claimant was entitled to a determination, not only of his right to the whole fund, but as well of his right to a portion of the reward; and the right to such determination was not affected by the election of the parties to submit the issues to a jury. The case was in fact, however, submitted to the jury on the theory that either the plaintiff or defendant was entitled to the entire fund. The portion of the charge defining the defendant's right to recover is as follows: "The defendant Matson contends that he asked Burkee to arrest the two suspected men, that he was the one that furnished the information to Mr. Burkee that caused him to act in the matter, and that that led directly to the arrest of the bank burglars. If you find this to be a fact, and also find that Matson acted with the knowledge of, and with a view of obtaining, the reward, then your verdict should be for the defendant."

This portion of the charge, while correctly stating the principles

which should govern the jury in determining whether the defendant was entitled to share in the reward, was erroneous, because it amounted to a direction that, if the defendant was a moving cause in the arrest, the plaintiff could not have effectively participated therein. As an abstract proposition this would be inaccurate, and it was clearly inapplicable to the evidence in the case. The following facts appear without much conflict in the evidence:

The defendant, on the forenoon of the second day after the burglary at Stephen, gave a ride to, and brought into the village of Greenbush with him, two men whom he suspected of participation in the burglary. Meeting the plaintiff—who was president of the village council of Greenbush—on the street, defendant informed him of his suspicion as to the character of the men. The plaintiff thereupon summoned a constable and a posse of citizens, and, after the defendant had identified the men he referred to, the plaintiff placed them under arrest. Upon searching them the plaintiff found some soap and a bottle of liquid in the pockets of one. He thereupon employed two of his posse to act as watchmen over the suspects, notified the sheriff of the county, and insisted on the sheriff taking the men into custody. Thereafter, one of the men made a confession, and the other was convicted, upon trial, of having committed the crime involved. Both plaintiff and defendant testified at such trial. The plaintiff and defendant each testified in the present case that they knew of the reward offered, and that (in what they did concerning the arrest and conviction) they acted with a view of obtaining the reward.

The fact that the plaintiff was president of the village council, and ex officio a peace officer, and authorized to give directions to the constable, is only important here as tending to show that the defendant, in giving him the information as to the suspected parties, was taking a reasonable and proper course to bring about their arrest and conviction.

The official position of the plaintiff does not in any way affect his right to recover the offered reward, if he is shown to have complied with the terms of the offer. Section 721, R. L. 1905, referring to village officers, provides: "The president and the trustees

shall be peace officers, and may suppress in a summary manner any riotous or disorderly conduct in the streets or other public places of the village, and may command the assistance of all persons, under such penalties as may be prescribed by the by-laws and ordinances." Neither under this statute, nor as an incident to his general powers, is the detection and apprehension of persons suspected of the commission of a crime beyond the village limits made a part of the official duties of the president of the village council. Such officer might, therefore, in the apprehension of such a criminal, act in response to the offer of a reward, and not in the discharge of his official duties. Warner v. Grace, 14 Minn. 364 (487); Day v. Putnam Ins. Co., 16 Minn. 365 (408); Kinn v. First National Bank, 118 Wis. 537, 95 N. W. 969, 99 Am. St. 1012; 34 Cyc. 1755.

It is apparent that this evidence amply sustains the determination of the jury that the defendant's services and information materially and proximately aided in the arrest and conviction. Forsythe v. Murnane, 113 Minn. 181, 129 N. W. 134. The facts as stated, however, would also sustain a finding that the plaintiff made the arrest and aided largely in the holding and subsequent conviction of the guilty parties, and that the plaintiff, therefore, was entitled to participate in the reward offered. The jury, by the charge, were not given an opportunity to so find. Under the charge, as given, if they found that the defendant caused the arrest, they could not find that the plaintiff was also a moving and effective cause therein.

It appearing, for the reasons given, that the plaintiff, under the evidence, might have been found entitled to a part of the reward, it only remains to consider whether, at the trial or since, he has waived a determination of such issue, under the rule that parties consenting to try their case on a theory of what the law applicable thereto is cannot complain of the result, if correct according to the theory so adopted. White v. Western Assurance Co., 52 Minn. 352, 54 N. W. 195; Davis v. Jacoby, 54 Minn. 144, 55 N. W. 908; Burgraf v. Byrnes, 104 Minn. 343, 116 N. W. 838.

At the conclusion of the charge to the jury the plaintiff duly ex-

cepted to the portion of the charge quoted herein, and upon his appeal he has assigned as error the giving of the same, and has discussed such assignment in his brief. While in such discussion the only claim directly made is that the plaintiff has an exclusive right to the reward, it does not conclusively appear that, either here or in the court below, he has consented to the theory on which the case was submitted to the jury, or has adopted as the law of the case that the defendant, if entitled to any part of the reward, is entitled to it all.

The order denying a new trial is reversed, and a new trial ordered. In view, however, of the position taken by the respective parties on the trial and on the hearing in this court, no statutory costs are allowed in this court.

Reversed.