WILLIAM TUNNY v. CITY OF HASTINGS.[1]

April 25, 1913.

Nos. 17,733—(39).

**Bid upon municipal contract — amount of deposit.**

1. Chapter 312, Laws 1903, provides for public bidding for certain city work and provides that no bid shall be considered unless accompanied by a cash deposit or certified check for at least 15 per cent of the amount bid. The city advertised for bids for such work and in the advertisement stated that no bid would be considered unless accompanied by a cash deposit or certified check for at least $500. Plaintiff submitted a bid with this deposit. This amount was much less than 15 per cent of the bid. The bid was accepted. The bidder cannot avoid his bid on the ground that too small a deposit was required of him.

**Abandonment of contract — recovery of deposit.**

2. It was competent, however, for the parties to abandon the contract made by the bid and the acceptance of it. In this case plaintiff advised the officers of the city that he had made a mistake in his bid. The parties then proceeded to negotiate on a different basis. The city claimed a new contract and attempted to hold plaintiff to it. At no time did the city evince any disposition to hold plaintiff to his bid. *Held*, there was a mutual consent to abandon the obligation of the bid and plaintiff was accordingly entitled to recover his deposit.

[1] Reported in 141 N. W. 168.

---

Note.—For the elements to be considered in determining responsibility of bidder for public contract, see note in 38 L.R.A. (N.S.) 672.

Action in the district court for Dakota county to recover $500 which plaintiff had deposited with defendant, the same to be returned to this plaintiff "upon demand." The answer alleged that plaintiff made the deposit mentioned in the complaint in connection with his bid or proposal for constructing certain sewers and waterworks; that his bid was accepted and the contract awarded to him; that he had neglected to execute the contract and furnish the required bond, by reason whereof the deposit became forfeited to defendant, as declared by its city council. The reply alleged that defendant agreed to return such deposit to the successful bidder, upon the execution of a contract and upon the furnishing of a bond; that defendant undertook to prepare written contracts which did not provide for the prices named by plaintiff in his proposal for each street, but named for all said streets complete a certain gross sum, and if plaintiff had signed the same his contract with defendant would have differed materially from the terms of his proposal and would not have given him any allowance of an extra price for the excavation of trenches in solid rock; that plaintiff refused to sign the instrument and demanded the return of his deposit.

The case was tried before Johnson, J., who made findings and ordered judgment in favor of plaintiff. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*C. S. Lowell,* for appellant.

*John W. Willis,* for respondent.

HALLAM, J.

The city of Hastings was desirous of constructing a system of sewers and water works on certain streets. The city accordingly prepared specifications and advertised for bids. Chapter 312, p. 544, Laws 1903, provides that in such cases no bid shall be considered unless accompanied by a cash deposit or certified check for at least 15 per cent of the amount bid. The advertisement in this case stated that no bids would be considered unless accompanied by a cash deposit or certified check for at least $500. Plaintiff Tunny submitted a bid to do the work for $37,694, and accompanied his bid with a deposit of $500. This was the lowest bid. This bid

was accepted by the city council. Very soon thereafter, and before a formal contract was entered into, plaintiff discovered that he had made a mistake in his bid, that he had figured on earth excavation, whereas, in fact, a substantial part of the excavation was through solid rock. He communicated this fact to the city engineer. The matter was discussed between plaintiff on the one hand and the engineer and a committee of the council on the other, and the committee recommended that plaintiff be allowed to amend his bid, to add to it the difference between earth and rock construction. They figured that an increase of the price to $48,600 would cover the difference between the two kinds of construction. A written contract was thereupon prepared providing that plaintiff should construct the work in conformity with the plans and specifications and that the city should pay to plaintiff $48,600.

Defendant claims that plaintiff accepted this new contract. Plaintiff denies that he did so. No other contract was ever prepared and this contract was never signed by either party. After submitting the contract to his attorney, plaintiff advised the city attorney by letter that he could not sign it. He gave as his reason that the failure of the city to comply with the statute which provided that no bid should be considered unless accompanied by a cash deposit or a certified check for at least 15 per cent of the amount of the bid, rendered the whole transaction void. In response to this letter the city attorney wrote plaintiff as follows:

"Our city council instructed me to notify you that your bid for the construction of sewers and waterworks in this city has been accepted and are ready to execute the contract upon the basis agreed upon between yourself and the engineers."

Plaintiff replied again urging that the objection stated in his former letter was a valid objection. Thereupon the city council passed a resolution that the deposit of $500 be forfeited to the city of Hastings.

Some time thereafter plaintiff commenced this action to recover the amount of his deposit. The case was tried before the court without a jury. The court found, among other things: "That the defendant or its officers never at any time made or executed any writ-

ten contract with said plaintiff for the construction of said sewers and waterworks in accordance with his said bid, and never attempted or offered to do so; that the defendant never gave the plaintiff any opportunity to make or execute any such contract; that, on the contrary, the officers of the defendant entered into negotiations with the plaintiff to amend his said bid and prepared a certain proposed contract for the construction of said sewers and waterworks, essentially and materially different from said bid, and presented the same to plaintiff with a request that he execute the same." The court found as a conclusion of law that plaintiff was entitled to recover the sum of $500, the amount of said deposit. Defendant moved for a new trial. This motion was denied and defendant appeals.

The order appealed from should be affirmed.

1. The advertisement for bids, the bid of plaintiff and the action of the common council in accepting it, constituted a contract binding on both parties. The fact that the advertisement for bids required a deposit for only $500 instead of 15 per cent of the contract price, as provided by the statute, did not affect the validity of this contract. This provision of the law was intended wholly for the protection of the city, and the plaintiff is in no position to complain because the defendant required of him less than the statute provided. Smith v. City, 2 Brewst. (Pa.) 443; Smith v. Mayor, 10 N. Y. [6 Selden] 504.

2. Had the city stood on its right to hold plaintiff to this contract, plaintiff would have had no cause of action, but the city did not do so. It was competent for the parties to abandon the contract made by the bid and the acceptance of it by mutual consent. This is what they did do. It was made to appear to the officers of the city that the plaintiff had made a mistake in his bid. After that fact appeared, the city at no time evinced any disposition to hold plaintiff to his bid. On the contrary, the city officers attempted to bind the city by a contract to pay plaintiff $15,000, more than the amount of his bid and attempted to hold the plaintiff to his alleged agreement to do the work for the increased amount. This attempt to enter into a new contract agreeing to pay for the same work nearly 50 per cent more than the public bid, was clearly void as an attempt to create

an obligation on the part of either party. Diamond v. City of Mankato, 89 Minn. 48, 93 N. W. 911, 61 L.R.A. 448; Kelling v. Edwards, 116 Minn. 484, 134 N. W. 221, 38 L.R.A.(N.S.) 668. This latter negotiation is only material as indicating an unmistakable purpose on the part of the city not to stand on the original bid. Plaintiff was released from his obligation incurred by this bid and he is accordingly entitled to recover the amount of the deposit which accompanied the same.

Order affirmed.