# ST. NICHOLAS CHURCH v. CARL KROPP AND ANOTHER.[1]

December 15, 1916.

Nos. 19,960—(98).

**Equity — right to jury trial.**

1. Where a party is ordered to interplead and his right to a fund paid into court by a defendant depends upon the power of the court to relieve him from the legal consequences of an accepted bid, he is not entitled to a jury trial.

**Contract — offer and acceptance — mistake — equitable relief without prejudice to plaintiff.**

2. It was found that through an honest mistake, without being negligent, the intervener made a bid for the erection of a church for $2,350 less than intended; that plaintiff accepted the bid without knowledge of the mistake; that the next day and before plaintiff had altered its position in any respect it was notified of the mistake and informed that intervener would not enter the contemplated written contract to erect the church; and that thereupon plaintiff accepted a belated bid of less amount than intervener intended to make his, and much less than the two bids opened at the time intervener's was accepted under which the church was erected. *Held* that the mistake, though unilateral, was so great that it must be considered fundamental, and the minds of the parties did not meet; that the one who accepted the bid did not change its position in the slightest because of its acceptance prior to notice of the mistake, and could not be prejudiced by a cancelation of the bid, hence equity should cancel the same and restore to the bidder the certified check accompanying the bid.

Action in the district court for Stearns county against the Merchants National Bank of St. Cloud to recover $1,000 upon a certified check drawn upon defendant bank. The bank answered, deposited the money in court, and obtained an order requiring Carl Kropp, the maker of the check, to intervene. In his answer the intervener set up the facts stated at the beginning of the opinion. The case was tried before Roeser, J.,

[1] Reported in 160 N. W. 500.

Note.—The question as to mistake in computation by contractor as ground for relief, see note in 10 L.R.A.(N.S.) 114.

who made findings, including in them the answers of the jury to questions submitted, and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant Kropp appealed. Reversed with direction to the trial court to amend its conclusion of law so as to award the fund in court to defendant Kropp.

*J. D. Sullivan,* for appellant.

· *Paul Ahles,* for respondent.

HOLT, J.

Plaintiff, a religious body, desired to erect a church. It advertised for bids. Carl Kropp and two others responded. Each bid was accompanied by a certified check in the sum of $1,000 to insure the entering of a contract by the successful bidder to build the church according to the plans and specifications upon which the bids were made. When the three bids were opened in the presence of the bidders, Kropp's, being for $30,973, was found to be the lowest—about $3,900 below the next highest. Thereupon the committee of plaintiff, in charge of the building of the church, voted to award the work to Kropp, and notified him that his bid was accepted. The contract was not then drawn, owing to the illness of the architect. The same day Kropp, on his return home, discovered that through some oversight the item of the structural iron required in the building had not been included in his bid. The value of furnishing this in place was estimated at $2,350. The next day he notified the building committee of his mistake, and that he could not enter the contract unless he received at least $2,000 more than the bid. This the committee declined to give. Kropp refused to enter the contract and stopped payment of his certified check. The erection of the church building was awarded to one Lange for $32,775 on a belated bid received three or four days after the others had been opened. This action was brought by plaintiff against the bank upon which the check was drawn. The bank answered, deposited the amount of the check in court, and asked the court to require Kropp to interplead. This was done. Kropp's answer was that he had made a mistake in his bid as above indicated; that he had at once, upon discovery of the mistake, notified plaintiff; that this was done before all the bids were received; that plaintiff knew of the mistake made by him; and that the bid was withdrawn before accepted. **Appellant demanded a jury trial. This was**

denied, but the court submitted three issues to a jury which found thereon: That the building committee awarded the contract to Kropp on the day the bids were opened; that Kropp made an honest mistake in his bid without being negligent; and that the building committee had no knowledge of Kropp's mistake when it accepted his bid. The court made findings of fact, adopting therein the verdict of the jury, and conclusion of law that plaintiff was entitled to the fund. A new trial was denied, and Kropp appeals. But two questions are presented by the assignment of errors. Did the action, upon the issues framed between plaintiff and the intervener, become one in equity? Do the findings of fact justify the conclusions of law?

Kropp was not entitled to the fund in court, unless he could be relieved from the effect of the acceptance of his bid. This depends strictly upon the power of a court of equity to grant relief. His offer had been accepted. That made at least a preliminary contract. Tunny v. City of Hastings, 121 Minn. 212, 141 N. W. 168. As part thereof he had agreed that this fund should belong to plaintiff in the event that he refused to enter the contemplated contract. It would seem clear that a strictly legal action based on the ownership of the fund, could not be maintained by Kropp so long as a legal acceptance of his bid stood in the way. In fact, his whole appeal for redress in this court is rested on the proposition that a court of equity may, in certain cases where a court of law is powerless, grant relief, and that this is such a case. We are agreed that no error was committed in refusing to try the case to a jury. In Burkee v. Matson, 114 Minn. 233, 130 N. W. 1025, 34 L.R.A. (N.S.) 924, it was stated: "The statutory proceeding of interpleader, where applicable, provides substantially the remedy formerly obtained by a bill of interpleader in equity." The New York statute on interpleader is practically the same as ours, and there it is held that the issues made by a party directed to interplead are to be tried to the court. Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. 798.

The jury and court found that, in his bid, Kropp had made an honest mistake without negligence. The mistake amounted to more than $2,000. Does this entitle him to any relief, when plaintiff was not to blame in any way for the mistake, and had no knowledge that Kropp had made it? We think the facts herein bring the case within this

principle governing a unilateral mistake stated in section 138, Story, Equity Jurisprudence: "But where the mistake is of so fundamental a character that the minds of the parties have never, in fact, met, or where an unconscionable advantage has been gained, by mere mistake or misapprehension; and there was no gross negligence on the part of the plaintiff, either in falling into the error or in not sooner claiming redress; and no intervening rights have accrued; and the parties may still be placed *in statu quo;* equity will interfere, in its discretion, to prevent intolerable injustice." In Hearne v. Marine Ins. Co. 20 Wall. 488, 22 L. ed. 395, it is said: "A mistake on one side may be ground for rescinding, but not for reforming a contract. Where the minds of the parties have not met there is no contract, and hence none to be rectified." The question here is whether a mistake of over $2,000 in the bid upon the construction of this church is merely incidental or fundamental. We think the amount is so large that it is unreasonable to suppose that Kropp would have made the bid he did make, if he had known that the structural iron work was not included therein. Here the finding is that it was an honest mistake made without negligence. Plaintiff was apprised of the error at once. No intervening rights accrued. The belated bid which plaintiff accepted was a trifle less than the one Kropp intended to make. There can be no question of not placing plaintiff *in statu quo*. It did nothing in reliance upon Kropp's bid, and did not change its position in the least between the time it notified him of the acceptance and the time it received notice of his mistake. This is said advisedly, for, although the checks of the other two bidders were returned to them, plaintiff accepted another bid obtained without any effort on its part, and in an amount very much lower than either of the two upon which the checks were returned. In this situation, we think, the same principle which denied a specific performance in the case of a unilateral mistake in Buckley v. Patterson, 39 Minn. 250, 39 N. W. 490, should here interfer and cancel the bid of Kropp. In Benson v. Markoe, 37 Minn. 30, 33 N. W. 38, 5 Am. St. 816, the doctrine is recognized that a contract "may be rescinded or canceled for the mistake of one only of the parties * * *. Of course this should not be done unless the parties can be replaced in their former position." The bid was, at most, but a step in the making of the contract. It was well understood that before Kropp would be

permitted to begin the erection of the building he must execute a formal contract and give adequate bond. The contract was therefore wholly executory. This case upon its facts is not distinguishable from Moffet, Hodgkins & Clark Co. v. Rochester, 178 U. S. 373, 20 Sup. Ct. 957, 44 L. ed. 1108, except that there notice of the error was given when the bids were opened; but that can be of no consequence, since under the statute there applicable the bid could not be withdrawn after being submitted. The court rescinded the accepted proposal to construct certain municipal improvements. This power of a court of equity to rescind or cancel a contract, entered while one party labored under a mistake as to a fact of impelling importance to him in entering it, is recognized in Brown v. Lamphear, 35 Vt. 252. And in speaking of the case of Diman v. Providence, W. & B. Ry. Co. 5 R. I. 130, the court, in Fehlberg v. Cosine, 16 R. I. 162, 13 Atl. 110, says: "This case recognizes another rule of equity, that where there has been a material mistake upon one side the court may rescind and cancel the agreement, where it can do so without injustice to the other party. There are two principal classes of cases in which this power of the court is exercised. One includes cases of executory contracts and the like, where the parties can be put in *statu quo*. In these cases the parties have not, in reality, agreed; their minds have not met; and if one, without fault on his part, has bound himself to something materially different from what he supposed it to be, which can be annulled without loss or injustice to the other side, it is deemed inequitable to enforce it." See also Smith v. Mackin, 4 Lans. (N. Y.) 41; Board of School Commrs. of City of Indianapolis v. Bender, 36 Ind. App. 164, 72 N. E. 154; Goodrich v. Lathrop, 94 Cal. 56, 29 Pac. 329, 28 Am. St. 91; and Werner v. Rawson, 89 Ga. 619, 15 S. E. 813, where the vendor made a mistake in respect to the purchase price of land and the contract had been executed, still the court rescinded the deal holding: "While a court of equity will not reform a written contract upon the ground of mistake unless the mistake is shown to be common to both parties, yet it may exercise its powers to grant relief, in a proper case, by rescinding and canceling the writing upon the ground of a mistake of facts material to the contract by one party only." In Scott v. Hall, 58 N. J. Eq. 42, 43 Atl. 50, where the vendor in a conditional sale contract agreed to transfer the chattels to the one in possession for $525, on the mistaken supposition

that there was $650 due on the contract instead of $950, and the check for $525 was already in the hands of the vendor's agent when the mistake was discovered the court rescinded the bargain, Vice Chancellor Pitney saying: "Now, it seems to me plain enough that, having agreed upon a sum based on $650 being due, when there was in fact $950 due, this court ought to relieve him from a contract made upon such a mistaken basis, unless before notice the other party has so acted upon it that it would be unjust to him to be compelled to submit to rescission. Now, in this case notice was given immediately to defendant's counsel and while the affair was unfinished and not concluded in the manner in which the parties intended to conclude it, for it was their intention that there should be a written transfer of title." So here there was to be a formal contract executed. That a mistake by one party as to price is material and ground for holding that the minds of the parties did not meet see Rowland v. New York, N. H. & H. Ry. Co. 61 Conn. 103, 23 Atl. 755, 29 Am. St. 175; DeVoin v. DeVoin, 76 Wis. 66, 44 N. W. 839, and Webster v. Cecil, 30 Beav. 62.

Steinmeyer v. Schroeppel, 226 Ill. 9, 80 N. E. 564, 10 L.R.A.(N.S.) 114, 117 Am. St. 224, is really not in favor of plaintiff on the findings here made, for it was there held that the error in the computation occurred through the negligence of the party who asserted the mistake. Moreover, it is clear that in a case of that kind where the lumber, the subject of the contract, had been used it was impossible to place the parties in *statu quo*. However, the court therein recognized the existence of the rule we hold applicable to the facts in the case at bar. We think also where the parties have entered to such an extent upon a performance of their contract that it becomes difficult to restore them to their former position rescission will not be decreed. To this class belong Tatum v. Coast Lumber Co. 16 Idaho, 471, 101 Pac. 957, and other authorities cited in the annotation to that case in 23 L.R.A.(N.S.) 1109. Such also is the rule where a bid has been acted upon so that cancelation would be unjust or inequitable to the party having accepted it without knowledge of the other party's mistake. C. Y. Young Co. v. Springer, 113 Minn. 382, 129 Minn. N. W. 773. The case of Crilly v. Board of Education, 54 Ill. App. 371, is very similar to the instant case, except there it was found that the mistake was due to the negligence of

the party making the mistake, while here the finding is to the contrary, and that very fact brings the case within the operation of the rule. So far as we are aware, the only decision, upon facts as here found, supporting plaintiff's position is Brown v. Levy, 29 Tex. Civ. App. 389, 69 S. W. 255, but therein no reference is made to the well-established equitable principle permitting relief from unilateral mistakes, and we are not inclined to follow its lead.

Our conclusion is that the order denying a new trial should be reversed and the cause remanded with direction to the court below to amend the conclusion of law so as to rescind and cancel the bid and award the fund in court to Kropp.

So ordered.