# INDEPENDENT SCHOOL DISTRICT NO. 102 OF PENNINGTON COUNTY v. FARMERS AND MERCHANTS STATE BANK OF THIEF RIVER FALLS AND ANOTHER.[1]

November 10, 1922.

No. 22,979.

**Forfeiture of check of bidder on public contract.**

1. A demand for the payment of and suit brought to recover upon a check deposited in connection with a bid submitted for the performance of a public contract *held* in legal effect a declaration of forfeiture, though no formal declaration for that purpose was made.

**No abandonment of contract from fruitless efforts to change its terms.**

2. There was no abandonment of the contract, which arose from the acceptance of such a bid, or of the right of forfeiture and to recover on the check, by mutual consent or otherwise, from the unsuccessful efforts of the parties to change the terms of the bid after acceptance.

**Unaccepted conditional offer made no change.**

3. The offer to change the terms of the contract made by plaintiff was conditional, the conditions were not complied with by the bidder, leaving the parties in the position the original acceptance left them.

Action in the district court for Pennington county to recover $2,150 upon a certified check. L. D. McAdams was made an intervener and interposed a claim for $2,950 against defendant. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiff and against defendant and intervener for the amount demanded. The motion of defendant and intervener for amended and additional findings was denied. From the judgment entered pursuant to the order for judgment, defendant and intervener appealed. Affirmed.

*H. O. Chommie* and *E. M. Stanton,* for appellants.

*Boughton & Boughton,* for respondent.

[1]Reported in 190 N. W. 539.

BROWN, C. J.

The facts in this case are not in material dispute. Plaintiff is a duly organized school district of Pennington county. Through its duly constituted officers bids for the construction of a new school building for the district were invited, to be presented to the school board on June 30, 1919, and accompanied with a certified check for 5 per cent of the amount bid. In response to the notice and invitation, intervener, L. D. McAdams, presented a bid, by which he offered to furnish the material and do the work for the sum of $41,550, presenting with the bid the check involved in this action, issued by the defendant Farmers and Merchants State Bank. Bids were also submitted by other contractors, all being in excess of the McAdams bid, and after due consideration his bid was accepted by the board and the contract awarded to him.

A formal contract was then prepared under direction of the board and presented to McAdams for signature and execution. The contract so prepared provided that the building should be completed on or before January 1, 1920, and the invitation for bids required the successful bidder to file with the board a surety bond conditioned for the faithful performance of the contract. McAdams did not sign or execute the contract, though no objections appear to have been made to its form or contents, nor did he file with the board the required surety bond. But on July 23, 1919, he notified the board that he had made a material mistake in the bid submitted by him, to the extent in money of $1,200, and that he would suffer loss in that amount unless the matter could in some way be adjusted or corrected. The board had no knowledge of the alleged mistake at the time the bid was presented, and accepted the same in good faith, rejecting all other bids. Nevertheless the board took the matter up and after due consideration submitted to McAdams, in an effort to relieve him from the mistake, a proposition in the following language:

"It was decided by a vote of 3 to 2 that you (McAdams) be given an extension of time until August 1st, 1920, and an additional pay of $1,200 over the original contract price. This proposition is con-

ditional on its acceptance in writing within twenty-four hours and the filing of bond and contract within ten days."

The proposal was promptly accepted by McAdams and an effort made by him later to procure the necessary surety bond, but without success. The surety company to which he applied advised him that the proposal and acceptance amounted to a modification of the original contract, in effect a new contract, and that it was illegal because not in response to competitive bidding as required by the law applicable to public contracts of the kind, and declined to issue a bond securing its performance. Here the matter seems to have been dropped for a time; McAdams neither furnished a surety bond, nor signed or executed a contract for the work, either under and pursuant to the original bid or in response to the modified agreement. He claims to have tendered a bond procured by him to cover the original contract, which he says was rejected by the board because not in accordance with the new agreement, but the trial court found otherwise. But that is of no special importance. There is no claim that he ever entered into a written contract for the work, though one was prepared and submitted to him for execution. He attempted on August 13, 1919, finally to dispose of the whole matter by a written communication addressed and delivered to the board in the following language:

Thief River Falls, Minnesota.
August 13, 1919.

Independent School District No. 102,
　St. Hilaire, Minnesota.
Dear Sir:

After your refusal to accept the bond which I tendered you, on the ground it was not in accordance with the new agreement entered into between myself and your board, I sent for a new bond to comply with the new arrangement. The bonding company now advises me that the new contract is void, and that if I started in on the work, any taxpayer of the district could enjoin the school district from paying me anything. I do not feel justified in going ahead with the work under the circumstances, and the bonding

attorney advises me that the district will have to readvertise for bids.

Such being the case I would ask you to return to me certified check.

Yours Respectfully,<br>L. D. McAdams.

The board declined to accept that summary disposal of the matter or to return the check. · It was compelled subsequently to readvertise for new bids, with the result that all those presented greatly exceeded that of McAdams and of others first presented, resulting in a loss to the district of several thousand dollars.

This action to recover upon the check was subsequently commenced. The check having been signed by the bank as drawer, it was made the sole defendant. It appeared in the action and interposed in defense that McAdams claimed the money, in consequence of which the bank was in doubt to whom payment should be made. Demand was made that McAdams be made a party to the action, and the demand was granted by order of the court. He subsequently appeared in the action as an intervener. Defendant, however, remained in the case and participated in the trial. The action was tried by the court and upon findings of fact, substantially as here stated, judgment was ordered in plaintiff's favor against defendant and the intervener, from which they appealed.

The various assignments of error present the questions: (1) Whether there was error in the admission or rejection of evidence; (2) whether the findings of the trial court are sustained by the evidence; and (3) whether the conclusions of law are sustained by the facts found.

1. The questions do not require separate discussion. We find no error in the rulings on evidence, and the findings of fact are fully sustained by the evidence. From that conclusion it follows that the refusal to amend the findings was without error.

2. The conclusions of law are supported by the findings of fact. The check was deposited with and as a part of the bid, under the requirements of the plans and specifications made the basis for the

invitation for the bids, to be forfeited if the successful bidder failed or refused to enter into a contract on the acceptance of his offer. That the school board in legal effect declared a forfeiture, the record leaves no doubt. The board refused to return the check on the demand of McAdams; it was subsequently presented to the bank for payment and payment was refused, and the board then brought this action to recover thereon. Although there was no formal declaration of forfeiture, what the board did in the matter looking to an enforcement of the check was sufficient, in legal effect, for that purpose.

3. The principal contention in support of the appeal is that there was a mutual abandonment of the original contract, arising from the acceptance of the McAdams bid, by the subsequent negotiations between the parties in an effort to relieve McAdams from loss to result from his alleged mistake in making his bid $1,200 too low. The contention is not sustained. No doubt within the rule stated in Tunny v. City of Hastings, 121 Minn. 212, 141 N. W. 168, the board had authority by mutual agreement to relieve McAdams. The board did attempt to relieve the situation, but it was expressly conditioned on the execution of a formal contract by McAdams and the presentation by him of a surety bond within ten days. McAdams failed to comply with the conditions, and the attempt to relieve from the mistake failed, leaving the parties in the position the original bid and acceptance left them. There was no abandonment of the contract by mutual agreement. The fact that the attempted change, a modification of the original contract in point of substance, was illegal because not the result of competitive bidding (Diamond v. City of Mankato, 89 Minn. 48, 93 N. W. 911, 61 L. R. A. 448), cannot be construed as an abandonment of the contract as a matter of law; the only agreement on the subject being an offer to do so by the board on the conditions stated. If, when this effort to relieve the situation failed, McAdams thought he had the right to go forward with the original contract, as suggested in this court, he should have executed the contract and presented it to the board with a proper bond. This he did not do, and, at variance with the

suggested right, demanded that the hypothecated check be returned to him.

This covers the case. The learned trial court correctly disposed of the question presented, judgment was properly ordered against both defendant and intervener, and it must be and is affirmed.