## AUTOMOBILE CLUB OF ST. PAUL AND ANOTHER v. CITY OF WHITE BEAR LAKE AND OTHERS.[1]

March 11, 1927.

No. 25,909.

**Denial of temporary injunction sustained.**

The trial court did not abuse its discretionary power in denying an application for a temporary injunction restraining the city council from signing a contract for the construction of a public sewerage system and outletting the effluent into Goose lake.

Waters, 40 Cyc. p. 639 n. 9.

[1]Reported in 212 N. W. 909.

Plaintiffs appealed from an order of the district court for Ramsey county, Boerner, J., denying their motion for a temporary injunction. Affirmed.

*H. A. Loughran, Robert F. Wille, F. W. Zollman, Herbert P. Keller,* and *George Nordlin,* for appellants.

*Chester W. Caldwell, Morphy, Bradford, Cummins, Cummins & Lipschultz,* and *O'Brien, Horn & Stringer,* filed a brief as amici curiae.

*Cowern, Jesmer & Christopherson* and *Walsh, Jackson, Pearson, Walsh & Yackel,* for respondents.

QUINN, J.

The city of White Bear Lake, with a population in excess of 2,000 has a home rule charter. A large portion of the platted part thereof is on the north half of the northwest quarter of section 23. The greater portion of the platted district is to the north on section 14. White Bear lake adjoins the platted part of the city on the east. The bed of Goose lake is in the south half of section 23 which is separated from White Bear lake by a narrow, irregular strip of land. For a number of years last past, the water in this lake covered an area less than 80 rods square in the central part of the southwest quarter of the section. The Northern Pacific Railway tracks cross the south half of the northwest quarter of the section, near the center thereof, in a northeasterly and southwesterly direction. State Highway No. 1 parallels the railway track on the easterly side and, immediately to the east of the highway, are the premises of the plaintiff Automobile Club. The proposed site for the *sewage disposal plant* is to the west of the railway tracks on the easterly 244 feet of the southwest quarter of the northwest quarter of the section.

The city has no sewage system, cesspools and septic tanks being used. The city officials have been looking to the establishment and construction of a public sewage system for more than a year. They consulted the state board of health and employed competent engineers. Plans and specifications of the most modern and improved type have been obtained and approved by the state board of health, the engineers and the officials. The plans provide for the location of

a disposal plant, as indicated, with the outlet therefrom into Goose lake. Such proceedings were thereafter had that the city council, on July 20, 1926, duly awarded a contract for the construction of the system to W. E. Kennedy of Fargo for $167,544.95. The contractor then shipped his digging machines and equipment to the city at a cost in excess of $2,000. He also shipped a large amount of materials, including 12 carloads of sewer pipe, to be used in constructing the system. It is strongly contended that the sum mentioned is an unusually low price, owing to the dry condition of the ground in that locality at the time, and that if the work be delayed until after the water line in the ground assumes its normal level it will be difficult to procure another bid as favorable, all of which seems to have been considered in obtaining the favorable bid.

This action was commenced for the purpose of restraining the city officers from signing a contract for the construction of such sewer system and from using Goose lake as an outlet for the effluent from such disposal plant, upon the ground that the waters of such lake are public waters and that the operation of such plant will create a nuisance. The answer admits the incorporation of the city; that it is a city of the fourth class with a home rule charter; that it contemplates the construction of the sewage system as provided for in the plans and specifications; that it accepted the Kennedy bid; and that it is its intention to enter into a formal contract with him for the construction of such system; and alleges that it has established a sewerage district within the city, and that the disposal plant will be more than 400 feet distant from any building. The answer puts. in issue the other allegations of the complaint and alleges that the bed of Goose lake is private property. It is pretty well established that the effluent water from the disposal plant will be clear and as pure as the usual lake water.

The establishment of the system had been under consideration for more than a year and had been much discussed and considered by the officials and the citizens. In March, 1926, the city had adopted an ordinance creating a sewer district and sewerage system. In May it selected its engineers and on June 1 it adopted plans and

specifications and thereafter called for bids, and on July 20 it accepted the Kennedy bid. This bid and the acceptance thereof constituted an agreement binding upon both parties thereto. Tunny v. City of Hastings, 121 Minn. 212, 141 N. W. 168. The application for an injunction was not made until August 26, 1926. Clark v. Cambridge & A. I. & I. Co. 45 Neb. 798, 64 N. W. 239. At that time, after an extended hearing, the trial court in its discretion denied the writ. It is clear from the record that the allegations of the complaint were fully met and we see no reason for interfering. The briefs of counsel take a pretty wide range and we have read them carefully and have arrived at the conclusion that the trial court did not abuse its discretion in refusing the restraining order.

Affirmed.

STONE, J., took no part.