FEDERAL CONTRACTING COMPANY v. CITY OF ST. PAUL.[1]

April 26, 1929.

No. 27,281.

*Peterson & Oehler,* for appellant.

*Eugene M. O'Neill* and *Lewis L. Anderson,* for respondent.

DIBELL, J.

Action to recover $4,500 deposited by the plaintiff company with the defendant city with its bid for the construction of a public building. There were findings and judgment for the defendant, and the plaintiff appeals from the judgment.

The defendant advertised for bids for the construction of the West End Junior High School in St. Paul. An ordinance of the city provides:

"In case any bidder to whom a contract is awarded shall neglect to execute a contract with the City within ten days after he has been notified by the Corporation Counsel that the contract is ready

[1]Reported in 225 N. W. 149.

for execution by him, he shall forfeit to the City of St. Paul his bidder's bond or certified check, as the case may be, as fixed and liquidated damages for such failure." Comp. Ord. St. Paul, 1922, § 276.

The plaintiff submitted its bid for $146,000 on December 30, 1924, and deposited its check of $4,500. On January 27, 1925, the bids were opened, and on January 28 the bid of the plaintiff was accepted, it being the lowest. On February 2, 1925, the plaintiff was advised that the contract was ready for execution, and that if it failed to execute it the $4,500 would be forfeited as liquidated damages.

The plaintiff was unable to get a bond. The reason given by the bonding company was that its bid was too low. On February 26, 1925, a hearing was had by the common council relative to the forfeiture of the plaintiff's deposit. At that time Ford, who was in control of the plaintiff corporation, advised the city that the bonding company would not become surety for it and that it could not furnish a bond. He was asked whether there was any error in the bid, and he said there was not. He or the engineer for the company had rechecked the bid in the meantime and found no error. The council forfeited the deposit. The contract was let to another bidder, and the building was constructed.

The claim for relief upon the ground of mistake was first made in January, 1928. Ford was necessarily absent from the city from April 29, 1925, until November 10, 1927. Upon his return he investigated and found that in computing the amount of the bid the company had omitted a sheet containing items aggregating $17,941.70 which would have made its bid, if it had been included, the sum of $163,941.70, which was substantially the bid of the contractor to whom the contract was let.

The bid of the plaintiff and its acceptance by the city constituted a preliminary contract which contemplated the making of a formal contract. Tunny v. City of Hastings, 121 Minn. 212, 141 N. W. 168; St. Nicholas Church v. Kropp, 135 Minn. 115, 160 N. W. 500, L. R. A. 1917D, 741. It created obligation upon the part of the

plaintiff and of the city. The authorities hold in varying situations that when the bidder makes a mistake in his bid, and though the mistake is unilateral, a court of equity may give him relief if the other party to the contract has not changed his position to his disadvantage. This is the result of St. Nicholas Church v. Kropp, 135 Minn. 115, 160 N. W. 500, L. R. A. 1917D, 741, where the mistake was discovered after the bid was made and before a formal contract was executed and before a change of position. The case of Moffett H. & C. Co. v. Rochester, 178 U. S. 373, 386, 20 S. Ct. 957, 44 L. ed. 1108, is similar. There the bid was withdrawn before acceptance. The court said: "The transactions had not reached the degree of a contract—a proposal and acceptance." Relief was granted because of the mistake in making the bid. Other cases are cited by the plaintiff, but they are not stronger in its support. City of New York v. Seely-Taylor Co. 149 App. Div. 98, 133 N. Y. S. 808; Harper, Inc. v. City of Newburgh, 159 App. Div. 695, 145 N. Y. S. 59; W. F. Martens & Co. Inc. v. City of Syracuse, 183 App. Div. 622, 171 N. Y. S. 87; Geremia v. Boyarsky, 107 Conn. 387, 140 A. 749. A recovery of the deposit cannot be sustained upon the theory of an abandonment, as in Tunny v. City of Hastings, 121 Minn. 212, 141 N. W. 168, for here the city was ready to execute the formal contract, the plaintiff did not claim a mistake, and it breached its preliminary contract because it could not furnish a bond. In practically all the cases upon which the plaintiff relies there was a withdrawal of the bid or notice of the mistake was given before acceptance. Promptness is a suggested condition of relief. Good policy requires it. Without specifying the particular circumstances when relief will be given against a municipality for mistake, or when notice must come to it, or what delay will prevent relief, we are quite content to hold that when a preliminary contract was made as here and breached because of inability to get a bond with no suggestion of a mistake for three years the matter should be at rest.

Judgment affirmed.