TOWN OF POULTNEY *v.* TOWN OF GLOVER.

*Pauper. Settlement by residence. Settlement by derivation. Emancipation of child. Presumption of regularity of judgment.*

The residence of a pauper in a town during his minority, with his father, for a period less than seven years, cannot be connected with his residence in the same town, in his own right, immediately upon his emancipation, but also for a less period than seven years, so as to give him a settlement in such town.

A child of full age, who has not acquired a settlement in his own right, and has not continued a member of his father's family and subject to his control, will not take derivatively the settlement of his father, acquired by a residence commenced before the child arrives at full age, and completed subsequently.

A child, upon arriving at full age, will be held, *prima facie*, to be emancipated, notwithstanding he continues to be a member of his father's family, unless the presumption be rebutted, by showing that he was not in fact emancipated, but that he continued to reside in the family of the parent upon the same terms, as during his minority.

All reasonable presumptions will be made, in the supreme court, in favor of the regularity of the proceedings of the county court; and unless it appear affirmatively, upon the bill of exceptions, that error has intervened, the judgment will be affirmed.

APPEAL from an order, made by two justices of the peace, that Solomon Beach, Jr., and his wife and four children, be removed, as paupers, from the town of Poultney to the town of Glover. Plea, that the town of Glover was not the place of the legal settlement of the paupers, and trial by the court, November Adjourned Term, 1849,—HALL, J., presiding.

It appeared, that Solomon Beach, senior, the father of the pauper, Solomon Beach, Jr., moved into the town of Glover in 1808, and resided there, supporting himself and his family, until March, 1830, when he removed, with his family, into the town of Barton, where he resided, and supported himself and his family, until February, 1838, when he removed back to the town of Glover, where he has resided ever since and supported himself and his family. The pauper, Solomon Beach, Jr., was born in Glover, in December, 1818, and removed with his father's family to Barton in 1830, and back,

with his father's family, to Glover in 1838, at which time he was in the twentieth year of his age. He continued to reside in 'Glover until June, 1845, when he removed to Montpelier, where he resided about one year, and then removed to Poultney, where he resided until October, 1848, when the order of removal was made in this case.

Upon these facts the court decided, that the pauper was unduly removed. Exceptions by plaintiffs.

*J. B. Beaman* for plaintiffs.

Prior to the statute of 1817, questions in relation to derivative settlements, here, as in England, depended upon the principles of the common law. Under the statute of 1817, whether the doctrine of emancipation could apply has been always doubted, but never decided. *Wells* v. *West Haven*, 5 Vt. 322. *Rupert* v. *Sandgate*, 10 Vt. 278. But the Revised Statutes leave no room for doubt, but provide,—Rev. St. 99,—that "legitimate children shall *follow* and *have* the settlement of their father, if he have any within the state, until they *gain a settlement of their own.* It is claimed, that the doctrine of emancipation, with all its incidents, is repugnant to this statute and must give way to it.

At the time the order of removal was made, the settlement of the pauper's father was in Glover. The pauper takes that settlement, and, under our statute, the only inquiry can be, had he gained a settlement for himself? We claim, that such is the law, because,—1. No other construction can satisfy the peculiar and explicit language of the statute. 2. The term "*children*" cannot mean minor or unemancipated children only, because the provisions for "*gaining*" settlements are for persons of full age. 3. By a statute *in pari materia,*—Rev. St. 104, § 13,—the father, if of sufficient ability, is obliged to support a pauper child of full age ; and hence, on the same principles and for similar reasons, such a child, equally with minor children, should follow and have the settlement of their father.

But the case shows, that the pauper's settlement was *prima facie* in Glover, at the time the order of removal was made, according to the principles of the common law. For there is no evidence in the case, that the pauper was emancipated, before he separated from his father's family and moved from Glover to Montpelier, at which time

XXIII. 42

his father had gained a settlement in Glover. 10 Vt. 278. 2 Burr. 48. 2 Bott 42. *Rex* v. *Stone,* 6 T. R. 56. *East Woodhey* v. *West Woodhey,* 1 Str. 438. *King* v. *Rotherfield Greys,* 1 B. & C. 345, [8 E. C. L. 95.]

*S. Foot* and *S. H. Hodges* for defendants.

The pauper had a derivative settlement from his father in the town of Barton, where the family had resided eight years, when they returned to Glover. The pauper has not lost that settlement, by gaining one elsewhere, either through his father or in his own right. Although the pauper resided in Glover from February, 1838, to June, 1845, a period of seven years and four months, yet from February, 1838, to December, 1839, when he became of age, he had acquired no settlement through his father, for his father had acquired no settlement there. From December, 1839, to June, 1845, when the pauper removed to Montpelier, he had acquired no settlement in his own right, the period being less than seven years. The two periods cannot be tacked. *Brookfield* v. *Hartland,* 10 Vt. 424. *Barnet* v. *Concord,* 4 Vt. 564. *Brookfield* v. *Hartland,* 6 Vt. 401. *Athol* v. *Watertown,* 7 Pick. 42. The son, becoming of age, is emancipated, and does not follow a settlement subsequently acquired by the father. *The King* v. *Everton,* 1 East 526. *East Woodhey* v. *West Woodhey,* 1 Str. 438. *Springfield* v. *Wilbraham,* 4 Mass. 493.

The opinion of the court was delivered by

KELLOGG, J. That the father of the pauper, by his continued residence in Glover from February, 1838, to June, 1845, acquired for himself and his minor children a settlement in that town is not controverted. But it is denied, that the pauper took a derivative settlement from the settlement of the father, thus acquired in Glover, inasmuch as he became of age long before the father acquired his settlement. Upon the pauper becoming of age, he was capable of acquiring a settlement in his own right; but his continuance in Glover, after his arriving at majority, was not of sufficient duration to give him a settlement there *sui juris.* For he could not connect this latter residence with that during his minority, so as to gain a settlement in his own right, by residence. This principle is settled by the case of *Brook-*

Poultney *v.* Glover.

*field* v. *Hartland*, 10 Vt. 424. Consequently, if the pauper acquired a settlement in Glover, it must have been *derived* from his father. And whether so derived must depend upon the fact of whether the pauper was emancipated prior to the father's settlement being perfected in Glover.

It is, however, said, that the doctrine of emancipation should be repudiated, and that, under our statute, children of full age, as well as minors, should be held to take derivatively the settlement of the father, until they have acquired one in their own right, whether, or not, they continue members of the father's family and under his control. No authorities are produced to sustain this proposition, and it is believed, none are to be found, which go to that extent. If the court sustain this proposition, it must be upon the ground, that it is required by the language of the statute. But we are inclined to think, that the statute requires no such construction ; and in this opinion we are sustained by the case of *Springfield* v. *Wilbraham,* 4 Mass. 493, which was founded upon a statute precisely like our statute of 1817. It fully recognizes the common law doctrine of emancipation, and that doctine was applied to the case. And in a recent case, which came before this court in the county of Franklin, but not yet reported, it was held, in the case of a female pauper of full age, who had resided mainly with her father, as a part of his family, but who had, during the time, labored some for others and on her own account, that she was emancipated and consequently did not take a derivative settlement from her father. We cannot believe, it was the intention of the legislature, that the statute should receive the construction contended for by the plaintiff.

This brings us to the question, was the pauper emancipated, before his father acquired a settlement in Glover ? and if so, at what time ? for if it was immediately after the pauper's removal from Barton, and prior to June, 1838, his subsequent residence in Glover was sufficient to give him a settlement there. Hence it is urged by the plaintiff, that, if the pauper was emancipated at all, it was by his marriage, and that this might have been prior to June, 1838. It is a sufficient answer to this suggestion, that the *time* of his marriage does not appear ; and if the marriage were as early as June, 1838, and the party would avail himself of that fact, he should have brought it upon the record, that it might clearly appear, that there was error

in the judgment; for this court never raise a *presumption*, that error has intervened, for the purpose of defeating the judgment. On the contrary, all reasonable presumptions are to be made in favor of the regularity of the proceedings of the court below.

But it is claimed, on the part of the defendant, that the pauper, on his arriving at full age, which was in December, 1839, became emancipated in fact and in law. This, we think, does not *necessarily* follow. We are, however, inclined to hold, that the pauper, upon coming of age, was, *prima facie*, emancipated. This presumption is always liable to be rebutted, by showing that the child was not in *fact* emancipated, but continued to reside in the family of the parent upon the same terms as during his minority. The case does not disclose the terms, upon which the pauper, after his majority, continued to reside with his father; but we must presume, that the county court found the fact, that the pauper was emancipated, before his father gained a settlement in Glover, and upon such finding, the judgment of the county court was fully warranted. *Prima facie*, the pauper was emancipated upon becoming of full age; and there is nothing in the case to rebut that presumption. He did not reside in Glover long enough after his emancipation, to acquire a settlement in his own right; and he could not, after his emancipation, take *derivatively* from a settlement subsequently acquired by his father.

The judgment of the county court is affirmed.