EVERSON & CO.

v.

INTERNATIONAL GRANITE COMPANY.

Rutland County, 1893,

Before : Tyler, Munson, Start and Thompson, JJ.

*Contract of sale. Mistake as to price. Foreman.*

1. Where a proprietor, having no personal knowledge of his business, in reliance upon his foreman, gives a price which he supposes to be correct, but which is in fact too small, owing to a mistake of the foreman, the proprietor is entitled to the same relief against the mistake as though, having knowledge of the business, he had made it himself.

2. If the vendor, by a mistake which is the result of oversight or error in computation, quotes a price below the true one, and the vendee accepts it knowing of the mistake, the contract of sale will not be enforced.

3.  Where the trial court finds the fact of a mistake and gives
judgment against the validity of the contract, it will be
presumed, on exception, that the mistake was of such a
nature as to warrant the judgment.

Assumpsit.  Plea, the general issue.  Trial by court at
the September term, 1892, TAFT, J., presiding.  Judgment
for the defendant.  The plaintiffs except.

It appeared from the findings of fact and the letters re-
ferred to that the plaintiffs contracted in writing with the
defendant to furnish them two granite monuments for $115
each; that the contract was made on the part of the defend-
ant by its treasurer, who at that time was unacquainted with
the business, had no personal knowledge of the price of
what he was selling, but relied upon the estimate of his
foreman for that information, and so informed plaintiffs at
the time the contract was made; that the price given by
the foreman was, owing to some mistake, the nature of
which did not clearly appear, $100 too small on each monu-
ment, and that the plaintiffs contracted with knowledge of
this mistake.

*J. C. Baker* for the plaintiffs.

The contract expressed exactly what the parties intended
it should.   That the defendant was ignorant of the price of
its wares is no defence.   *Railroad* v. *Jackson*, 24 Conn.
514;  *Hecht* v. *Batcheller*, 147 Mass. 335;  *Griffin* v.
*O'Neil*, 48 Kan. 117.

*C. A. Prouty* for the defendant.

The defendant intended to give the plaintiffs the true
price of these monuments.   By mistake of its foreman it did
not, and the plaintiffs contracted knowing this.   They can-
not enforce the contract thus made.   1 Benj. Sales, s. 610;
*Winchester* v. *Howard*, 97 Mass. 304;  *Harman* v. *Foley*,
62 Wis. 584.

MUNSON, J.   It is said in the statement of facts that the contract sued upon was made by a member of the defendant firm who had no personal knowledge of the prices of monuments, and who was acting under a mistake of fact as to the price of the monuments sold.   Certain letters of the defendant firm, written after the making of the contract, are referred to as a part of the statement of facts.   We understand this to mean that the letters are embodied in the statement as showing the nature of the mistake and how it came to be made.   It appears from the letters that the sale was made at prices given by the defendants' foreman, and that the mistake occurred in his estimates.

The partner's ignorance of the prices of the goods sold by his firm is not the controlling feature of the case.   The rights and liabilities of the proprietor of a business are not to be determined solely from a consideration of the knowledge which he personally has of the business.   He is entitled to conduct a business of which he is ignorant, in reliance upon the experience and knowledge of an employe. In a business thus conducted the mistake of the employe is not to be imputed to the ignorance of the proprietor.   The member of the defendant firm who concluded this contract did not undertake to transact the business upon his own knowledge, but acted solely upon the estimates furnished by the foreman.   The firm is entitled to the same relief from the consequences of a mistake made by its foreman that it would have been entitled to if the foreman had been a member of the firm and had closed the contract himself.   The determination of the case depends upon the view which may be taken of the mistake made by the foreman.

The mistake in this case is certainly not identical with that in *Harran* v. *Foley*, 62 Wis. 584.   There the error was in failing to give the price which the seller had decided upon. The seller had certain figures in mind and intended to give them, but by a mere slip of the tongue, which the buyer

understood to be such, he gave other figures.   While think-
ing of one thing he said another, and the buyer knew that
what he. said was not what he had in mind.   In this case
there was no difficulty in holding that the minds of the par-
ties did not meet upon the price named.

The mistake relied upon in *Griffin* v. *O'Neil*, 48 Kan.
117, differed somewhat from the one above considered.   In
this case the vendor claimed that his price was determined
by footing incorrectly an itemized valuation of the property
offered for sale, and that the buyer was looking upon the .
paper while he was making the addition.   Here the vendor
gave the figures he intended to give, but the figures were
the result of an error in his computation.   The court was of
opinion that the buyer could not take advantage of a miscal-
culation of this character of which he had knowledge.

A similar mistake was considered in *Webster* v. *Cecil*, 30
Beav. 62, which was a suit for specific performance.   The
defendant, who had already refused to sell certain land to
the plaintiff's agent for £2,000, wrote the plaintiff offering
to sell it for £1,100 ;   and the plaintiff at once mailed an
acceptance of the offer, on reading which the defendant dis-
covered his mistake.   The property consisted of five par-
cels, the total price of which the defendant arrived at by
placing a valuation upon each parcel and adding the several
items.   By failing to carry one from the third column he
made a footing of £1,100 instead of £2,100 ;   and in his
haste to dispatch the offer by the first post, he incorporated
this footing into his letter without noticing the error.   The
court refused to decree specific performance.

The mistake in the case at bar was not, as in the case first
cited, the unconscious statement of a price different from the
one determined upon.   The defendants' foreman gave the
figures he had decided to give.   The mistake lay in the
process by which he arrived at the figures given.   It is not
fully stated what the nature of his mistake was.   If it suf-

ficiently appears that it was merely an error in computation, the case cannot be distinguished from the other two cases cited.

It is evident that the doctrine of these cases cannot be extended to cover those mistakes which result from the vendor's ignorance of his business. The law does not undertake to so regulate the transactions of men that one who is thoroughly informed shall obtain no advantage over one who is not. The buyer is not obliged to disclose to the seller his better knowledge of the cost or market value of the property he proposes to buy. His purchase will be valid, notwithstanding his knowledge that the seller is acting under an erroneous belief in regard to some matter which enters into the determination of the price. A dealer is expected to know the amount and cost of the material and labor required for the article which he contracts to deliver. An error which rests in the vendor's want of judgment or information in these matters must be carefully distinguished from those of the character above indicated.

The court below found that the agreement to furnish the monuments was the result of a mistake as to the price, and rendered judgment for the defendants. It nowhere appears that the mistake was due to the foreman's ignorance of the business. The term used is more naturally applied to errors of computation and oversight, and was doubtless employed by the court as properly and sufficiently descriptive of such an error. And when it is considered that the difference was nearly half the actual price, and an even hundred dollars, there seems to be no room to doubt that the foreman's error was such as were made in *Griffin* v. *O'Neil* and *Webster* v. *Cecil*, above cited. In any event it must be so treated as the case stands; for the court having found that the defendants acted under a mistake, and rendered judgment in their favor, it is to be presumed, nothing appearing to the contrary, that the mistake found was such as justified the

judgment.  *Poultney* v. *Glover*, 23 Vt. 328; *Burton* v. *Barlow's Est.*, 55 Vt. 434; *Spaulding* v. *Warner*, 57 Vt. 654; *Bates* v. *Sabin*, 64 Vt. 511.   It appearing then that the error in the foreman's estimates was one of computation. and oversight merely, and that the mistake was known to the plaintiffs, we hold that the suit cannot be maintained.

*Judgment affirmed.*