R. O. BROMAGIN *et al.* Appellees, *vs.* THE CITY OF BLOOM-
INGTON *et al.* Appellants.

*Opinion filed April 23, 1908.*

CONTRACTS—*what is not such negligence in preparing bid as
precludes rescission.* A mistake of some $6000 in a water-main
bid for $25,500, caused by inadvertently using the weight per foot
of iron pipe for its price per foot, is not such negligence as bars
rescission of the bid in equity, where the contractor had only a
few hours to figure the bid, the city engineer called the attention
of the improvement board to the item as being a probable mistake
before the bid was accepted, and where the contractor, upon dis-
covering the mistake, notified the city attorney and attempted to
withdraw the bid within a few hours after it was accepted and be-
fore the contract was signed or the city had changed its position
to its injury. (*Steinmeyer* v. *Schroeppel,* 226 Ill. 9, explained.)

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit Court
of McLean county; the Hon. C. D. MYERS, Judge, pre-
siding.

This is an appeal by the city of Bloomington and board
of local improvements of that city from a judgment of the
Appellate Court for the Third District affirming a decree of
the circuit court of McLean county rescinding a bid sub-
mitted by R. O. Bromagin & Co. to appellants to construct
a certain water main in said city, and restraining appellants
from declaring a forfeiture of or collecting a certified check
for the sum of $2800, which accompanied the said bid.

The bill, as amended, alleges, in substance, that on July
22, 1906, the board of local improvements of the city of
Bloomington published a notice to contractors that sealed
proposals for the furnishing and laying of a certain water
main in said city would be received until two o'clock of
August 3, 1906; that pursuant to said notice appellees ob-
tained a copy of the specifications and proceeded at once
with due diligence to prepare their bid for such work, and
in so doing, while in the exercise of due diligence, by a

clerical error a mistake was made in their bid, which was not discovered by them until after the said contract had been awarded to them by said board of local improvements; that said mistake consisted in carrying over into the column containing the price per foot of sixteen-inch pipe the figures representing the weight per foot, and that by reason of said mistake the bid of appellees was more than $6000 less than the bid intended to have been made by them. The bill further alleges that said mistake was noticed and commented upon by said board when said bid was opened and read; that as soon as appellees discovered said mistake, and within five hours after the contract had been awarded appellees, and before the said city had done anything to alter its situation, they notified said board of local improvements and sought to have such mistake corrected, and offered to pay any necessary expenses that would be caused by a re-letting of said contract, and also offered to lay the said sixteen-inch pipe at cost, but said board refused, and still refuses, to allow such correction to be made, and insists upon appellees signing the contract for such work and giving bond as provided in the ordinance and specifications, and in default thereof the said board threatens to declare a forfeiture of a certain certified check of the amount of $2800, deposited with said board by appellees. The bill prays that said bid may be corrected so as to embody the intention of the parties, or that its acceptance by said board be rescinded and that the city be enjoined from collecting or declaring a forfeiture of the check.

An answer, and replication thereto, were filed and the cause referred to the master to take proofs and report his findings and conclusions. The answer denies that appellees proceeded with usual and necessary care in preparing their bid, and avers that if any mistake was made it was through their gross carelessness and lack of diligence in its preparation; avers that appellees delivered said bid to said board on August 3, 1906, shortly after two o'clock P. M. of said

day, and that said contract was awarded to them on August 24, 1906, and that for the space of three weeks appellees, while retaining a copy of said bid, allowed the same to remain with said board and during that time made no complaint to any of appellants in regard to said bid; denies that said mistake was noticed or commented upon by said board, and avers that if such was the case the said board was not bound to revise the said bid nor to inform appellees of their view concerning it; avers that the city of Bloomington was greatly damaged through the negligence and carelessness of appellees in making their bid, if such bid was a mistake, as alleged in said bill; that the work has been necessarily delayed for more than one year, and that an advertisement was made to re-let said contract and no bidders appeared; admits that appellants refused to allow appellees to correct their bid and that they intend to declare a forfeiture of said $2800 check.

Upon a hearing the master found, in substance, that appellees were not guilty of negligence before the awarding of said bid, and that in the preparation of said bid, by mistake, they had inserted in the column set apart for the cost per foot of sixteen-inch pipe the weight per foot of said pipe; that within five hours after the awarding of said contract to appellees they discovered the said mistake and notified the city attorney of said city, and that at the time the said contract was awarded said board had in its possession four other bids and the certified checks which accompanied them; that appellants were left, at the time of the rescission of said contract by appellees, in the same situation as if said bid had never been submitted; that they are entitled to no damages whatever and that appellees are entitled to relief.

Objections to the master's report were overruled and filed as exceptions, and upon a hearing before the chancellor the said exceptions were overruled and a decree, in terms as above indicated, was entered in accordance with the recommendations of the master.

On July 22, 1906, the city of Bloomington published a notice that sealed bids for the construction of a certain water main in that city would be received up until two o'clock of the day of August 3, 1906. After the notice was published, Bromagin, a contractor, one of the appellees, obtained a copy of the specifications, went over the ground and made estimates of the cost of laying the main. Bromagin was without funds, and not having been able to secure financial backing no bid was prepared by him until the day the contract was to be let. On that day, about eleven o'clock A. M., he met H. S. Shade, the other appellee, in Bloomington, and proposed to him that they form a partnership to secure and perform the contract, Shade to furnish the money and Bromagin to do the work. After discussing the matter a few minutes Shade agreed to the proposition and they went to Bromagin's office to prepare the bid. After the bid was prepared they procured a certified check for the sum of $2800, the amount required by the city to be deposited with it as a guaranty that appellees would complete the contract according to the specifications in case they secured it, and delivered said bid and check to the appellants. The total amount of the bid on 6020 feet of sixteen-inch class "D" pipe made by appellees was $14,357.70, while the evidence tends to show that the amount which they intended to bid on account of this item was $20,558.55. Bromagin testified, and he is corroborated to some extent by other evidence, that the error occurred by inadvertently using the weight of the pipe per foot for the cost price of the pipe per foot and figuring the total cost of this class of pipe on that basis. The furnishing and laying of this size pipe constituted a large part of the contract, and the evidence tends to show that the price bid by appellees was almost a dollar per foot less than the actual cost of the pipe and the cost of laying it. Four other bids were received by appellants. The bid of appellees amounted to $25,567.02 and was accepted by appellants. The next lowest bid for the same work was over $29,000.

When the bids were opened the inadequate price quoted on sixteen-inch pipe by appellees was noticed by the city engineer and the attention of the other members of the board of local improvements called to it. On the evening after the contract was awarded Bromagin discovered the mistake in the bid and went to the office of the city attorney and notified him of the fact, and afterwards talked with different members of the board, seeking to be released from the bid.

It is contended by appellants that the Appellate Court erred in affirming the decree of the circuit court.

Louis FitzHenry, City Attorney, for appellants:

To justify the cancellation of a contract upon the ground of mistake, the fact concerning which the mistake was made must be material to the transaction and affect its substance, and the mistake must not be the result of want of care exercised by persons of ordinary prudence under like circumstances. *Steinmeyer* v. *Schroeppel,* 226 Ill. 9.

To establish mistake, the party alleging it must prove it clearly and satisfactorily and perhaps beyond a reasonable doubt; at any rate, a mere preponderance of evidence is not sufficient. The written instrument deliberately prepared and executed is evidence of the highest character, and will be presumed to express the intention of the parties to it until the contrary appears in the most satisfactory manner. And there must always be express proof of the real intention of the parties. The power to reform instruments, it is said, is exercised by courts of equity with great caution, and never unless a proper case is made by the pleadings. 9 Cyc. 393.

Stone & Oglevee, for appellees:

A mistake in the proposal by a bidder for a contract with a city which is not negligently made and is promptly disclosed as soon as discovered is ground for the withdrawal of such bid. *Moffett* v. *Rochester,* 178 U. S. 373.

Where a bidder for a public building, having very little time after notice of the letting of the contract and filing of the bids, in making up his bid from his estimate book, in which he had estimated the different parts of the work separately, by mistake turned two leaves and ómitted an estimate on one part of the work, in consequence of which his bid, as submitted, was several thousand dollars lower than he intended or than the work could be done for, it was held the acceptance of such bid did not create a contract for want of the meeting of the minds of the parties; and the mistake being an excusable one, a complaint setting up these facts, and that the bidder promptly notified the board, stated a cause of action for the rescission of such bid. *Board of School Comrs.* v. *Bender*, 72 N. E. Rep. 154.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The bid of the appellees was prepared in haste. Bromagin had the matter of making the bid in mind for some time, but it was not until the day upon which bids must be made that he succeeded in associating any one with him of sufficient financial ability to secure the certified check which was to accompany the bid. The bids were to be delivered not later than two o'clock P. M., and the bid of the appellees had to be prepared and delivered to the proper officer after eleven o'clock A. M. of that day. The bid contained forty-three separate items, the amount of each of the most of which could only be fixed by computation. The sheets of paper containing the calculation made by Bromagin in determining the amounts of the various items to be included in the bid were offered in evidence. It is apparent from an inspection thereof that great haste was necessary in calculating the amount of the bid in order that the written bid might be prepared and delivered within the time limited. We think the mistake pointed out in the preceding statement which was made in calculating the price of the six-

teen-inch pipe did not, under the circumstances, show such negligence as should, in and of itself, in this particular case, bar the equitable relief awarded.

The bid submitted showed, by one item thereof, that appellees proposed to furnish and lay 6020 feet of sixteen-inch pipe for a sum therein designated. This sum was less than they could purchase this pipe for, leaving out of consideration the expense of laying the same. The city engineer, who was a member of the board of local improvements, observed this fact and acquainted the other members of the board therewith. It seems apparent, therefore, that the board of local improvements accepted the bid knowing that this mistake had been made. It is suggested that the board could not know but that appellees may have fixed this item at less than its actual cost and fixed other items at a correspondingly high price, so that upon the whole they would be able to realize a profit from doing the work at the total of the bid. This argument is without merit, for the reason that the city reserved the right to accept bids as to any part of the work and to reject them as to other parts thereof, so that, save for the mistake, the city might have accepted this bid as to this sixteen-inch pipe and rejected it as to all other items therein contained. Bromagin discovered the error in his bid and notified the city attorney of the same and asked to be relieved from any further obligation on the day and within five hours after the bid was accepted and before any contract had been actually signed. It does not appear but that the city, after Bromagin called on the city attorney, could have accepted some one of the other bids made. Under these circumstances the court properly decreed the relief sought by the bill. *Moffett* v. *Rochester,* 178 U. S. 373; *School Comrs.* v. *Bender,* 72 N. E. Rep. 154.

The appellants place great reliance upon *Steinmeyer* v. *Schroeppel,* 226 Ill. 9. This case is distinguished from that in two respects: First, here there seems to have been some reasonable excuse for the error made in calculating

the bid; there was no such excuse in the *Steinmeyer case*. Second, here the party to whom the bid was made knew of the mistake at the time the bid was accepted; it was not so in the case in the 226th.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*