SYLVESTRO GEREMIA *vs.* MORRIS BOYARSKY ET AL.

Third Judicial District, New Haven, January Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Although the mistake of only one party to a contract is not a ground for its reformation, it may afford a basis for its cancellation.

In preparing a bid for work to be done in the construction of the plaintiff's dwelling-house, the defendants incorrectly added the items contained in their estimate, so that the figure submitted to the plaintiff was $1,450.40 whereas it should have been $2,210.40. Although the plaintiff had good reason to believe

that a mistake had been made, he executed a written contract with the defendants based upon their miscalculation. The defendants discovered the error on the same day and immediately proposed to perform the work at their correct price or at that offered by any responsible contractor, but the plaintiff refused and, having let the work to others for $2,375, which was its reasonable value, brought the present action for breach of contract. *Held:*

1. That the mistake was so essential and fundamental that the minds of the parties had never met.

2. That since the agreement was still executory and the plaintiff had been in no way prejudiced, he would not be permitted in equity to gain an unfair advantage over the defendants, even though the mistake was unilateral; and that the defendants were entitled to a rescission of the contract.

3. That while the mistake involved some degree of negligence on the part of the defendants, it was not of that culpable character, amounting to a violation of a positive legal duty, which is regarded as a bar to redress in a court of equity.

Argued January 18th—decided February 28th, 1928.

ACTION to recover damages for alleged breach by the defendants of a contract for the construction of a dwelling-house for the plaintiff, in which the defendants filed a cross-complaint for a judgment that the contract was void and for other relief, brought to the Superior Court in New Haven County and tried to the court, *Simpson, J.;* judgment for the defendants, and appeal by the plaintiff. *No error.*

*Joseph N. Manfreda,* with whom, on the brief, was *Jacob Belford,* for the appellant (plaintiff).

*Oswin H. D. Fowler,* with whom, on the brief, was *Louis Boyarsky,* for the appellees (defendants).

BANKS, J. The defendants are carpenters and building contractors, and in April, 1926, the plaintiff requested them to submit bids for the carpenter work and painting for a house that he was building for himself. The defendants met in the evening of April

25th for the purpose of making their estimates, but did not complete their figures owing to the lateness of the hour. They wrote their estimates on two separate pieces of paper but did not add the figures. The next morning the plaintiff called upon the defendants and requested the defendant Boyarsky to stop the work that he was upon and complete the estimate. Boyarsky sat down with the plaintiff at a work bench and proceeded to add up the various items upon the two sheets. In his haste he made an error in adding the items on the first sheet, footing them up at $99.10 when the correct footing should have been $859.10. This error, being carried to the second sheet, made the apparent cost of the work $1,450.40, instead of $2,210.40. The plaintiff thereupon awarded the contract to the defendants and later the same day they executed a written contract to do the work for the sum of $1,450.40. The plaintiff, when the erroneous bid was given and when he procured the signing of the contract, had good reason to believe and know that there must have been a substantial omission or error in the amount of the bid. That evening the defendants discovered their mistake and as soon as they could find the plaintiff notified him of the mistake, and offered to go forward with the work according to the actual prices carried out in their estimate, and as low as any responsible contractor would do it for if less than $2,210.40. The plaintiff refused their offer and insisted that they complete the work for $1,450.40. The sum of $2,375 was a reasonable price for the work covered by the defendants' contract, and the plaintiff thereafter let the contract for the work to other contractors for that sum. The court found that the defendants had made a material mistake in their bid, that it would be inequitable to award the

plaintiff damages for a breach of the contract, and that it should be rescinded.

The finding is not subject to correction in any material respect. In paragraph twelve the item $959.10 should be $859.10 and is corrected accordingly.

The finding discloses a case where the defendants, by reason of an error in computation, have obligated themselves to perform a contract for a sum substantially less than the sum which the actual figures of their estimate totaled and less than the reasonable cost of the work contracted to be done. It is the contention of the plaintiff that equity should not relieve the defendants from the consequences of their mistake because (a) it was a unilateral mistake, (b) it was not material to the making of the contract, and (c) it resulted from the defendants' own negligence. While the mistake of only one of the parties inducing him to sign a contract cannot be a ground for a reformation of the contract, it may be a ground for its cancellation. *Snelling* v. *Merritt,* 85 Conn. 83, 101, 81 Atl. 1039. Though the mistake was not induced by the conduct of the other party, equity will grant relief if the latter, when he becomes aware of the mistake, seeks to take an unconscionable advantage of it. *Lieberum* v. *Nussenbaum,* 94 Conn. 276, 108 Atl. 662. The plaintiff, though he is found by the court not to have participated in the mistake, had good reason to believe that one had been made before the contract was signed, was notified of the mistake by the defendants before he had changed his position in any respect, and sought to take unfair advantage of it by insisting upon the performance of the contract at a price upon which the minds of the parties had never met. When the contract is still executory and the parties can be put in *statu quo,* one party to the contract will not be permitted to obtain an unconscionable advantage

merely because the mistake was unilateral. 3 Williston on Contracts, §§1578, 1580.

That a mistake through which the defendants agreed to perform the contract for a price one third less than the total of the actual figures of their estimate was of so essential and fundamental a character that the minds of the parties never met would not seem to require discussion.

As a general rule a party will not be given relief against a mistake induced by his own culpable negligence. " 'But the rule is not inflexible and in many cases relief may be granted although the mistake was not unmixed with some element of negligence, particularly when the other party has been in no way prejudiced.' " *Fountain Co.* v. *Stein,* 97 Conn. 619, 626, 118 Atl. 47; *Petterson* v. *Weinstock,* 106 Conn. 436, 445, 138 Atl. 433; 21 Corpus Juris, 88. "The conclusion from the best authorities seems to be, that the neglect must amount to the violation of a positive legal duty. The highest possible care is not demanded. Even a clearly established negligence may not of itself be a sufficient ground for refusing relief, if it appears that the other party has not been prejudiced thereby." 2 Pomeroy's Equity Jurisprudence (4th Ed.) §856. "If one of the parties, through mistake, names a consideration that is out of all proportion to the value of the subject of negotiation, and the other party, realizing that a mistake must have been committed, takes advantage of it, and refuses to let the mistake be corrected when it is discovered, he cannot, under these conditions, claim an enforceable contract." 6 R.C.L. 623. It may be conceded that the error in addition made by the defendant Boyarsky, when he hastily totaled the items of his estimate at the request of the plaintiff, involved some degree of negligence. It would be inequitable under the circumstances to permit the

plaintiff, who had good reason to know before the contract was signed that there must have been a substantial omission or error in the amount of the bid, to take advantage of such error while the contract was still executory and he had been in no way prejudiced, and to require the defendants to do the work for an amount much less than the actual cost. In similar situations when a price has been bid which, because of erroneous arithmetical processes or by the omission of items, was based on a mistake, rescission has been allowed where the contract was still executory and it would be inequitable to permit the other party to gain an unfair advantage from a mistake which has not prejudiced him in any way. *Moffett, Hodgkins & Clarke Co.* v. *Rochester,* 178 U. S. 373, 20 Sup. Ct. 957; *Bromagin* v. *Bloomington,* 234 Ill. 114, 84 N. E. 700; *St. Nicholas Church* v. *Kropp,* 135 Minn. 115, 160 N. W. 500, L. R. A. 1917D, 741; *Board of School Comrs.* v. *Bender,* 36 Ind. App. 164, 72 N. E. 154; *Barlow* v. *Jones* (N. J. Eq.) 87 Atl. 649; *Everson* v. *International Granite Co.,* 65 Vt. 658.

The mistake of the defendants was of so fundamental a character that the minds of the parties did not meet; it was not, under the circumstances, the result of such culpable negligence as to bar the defendants of redress, and the plaintiff before the contract was signed had good reason to believe that a substantial error had been made and, while the contract was still executory and he had been in no way prejudiced, refused to permit the correction of the error and attempted to take an unconscionable advantage of it. The defendants were clearly entitled to a decree canceling the contract.

There is no error.

In this opinion the other judges concurred.