PER CURIAM.

(No. 73-CC-239—Claimant )

S. J. REYNOLDS CO., INC., Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed March 22, 1974.*

BISHOP, ERICSON & FLYNN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL,
Assistant Attorney General, for Respondent.

BURKS, J.

Claimant in this action seeks recovery of $7,500.00 representing the amount of a security bid deposit held by the Illinois Department of General Services, pursuant to claimant's withdrawal of a bid on certain work to be done for the State of Illinois on the William W. Fox Childrens Center at Dwight, Illinois.

Claimant's original complaint sought a refund in the amount of $7,500.00. Thereafter the parties stipulated that if an award is granted, $7,000.00 would be due and owing to the claimant, and that $500.00 would be retained by the State as administrative costs incurred in reletting the contract for new bids.

On August 6, 1973, claimant filed a motion for summary judgment, supported by an affidavit of Robert F. Lawinger, claimant's President and Chief Executive Officer. The said affidavit recited the following statement of facts which are admitted by the respondent:

1. He [Robert F. Lawinger] is now and at all times material to this controversy has been the President and Chief Executive Officer of S. J. Reynolds Co., Inc. whose principal office is located at 6101 West 28th Street, Cicero, Illinois.

2. S. J. Reynolds Co., Inc. (Reynolds) is now and at all times material hereto has been engaged in the piping and air conditioning business.

3. Sometime prior to June 19, 1972, Reynolds obtained from The Department of General Services of the

State of Illinois, Construction Management Division, Office of Supervising Architect, the documents necessary to enable it to submit a bid on certain work to be done for the State of Illinois on William W. Fox Children's Center at Dwight, Illinois, said project bearing O.S.A. Project No. 72-2123-6.

4. Affiant delegated to Leo Davis, an estimator employed by Reynolds, the work of preparing a bid on the above described project which included heating and refrigeration work in Buildings Nos. 1, 2 and 8—Phase II at the above described school. The estimator visited the site of the work and then began assembling the necessary data to prepare the bid. Prior to the time that the bid was completed, he left on vacation and turned the completion of the estimate over to Louis Benedict. The latter estimator in completing his calculations failed to include in such calculations the cost of the omitted work, namely cutting, patching and removal work. The error therefore was a misconception on the part of the estimator completing the estimate and preparing the bid documents as to what was included in that part of the estimate completed by the original estimator, and also a misconception of the scope of the work to be performed; all of which contributed to errors in recording the bid that was submitted for the work.

5. Upon the opening of the bids and the discovery that Reynolds' bid was approximately $90,000 less than the lowest bid of any other contractor bidding on the job and upon Reynolds then learning how the error arose, it immediately dispatched to the State of Illinois, a telegram advising the State of Illinois of the error, copy of said telegram being attached to the Complaint. On June 26, 1972 Reynolds wrote the State of Illinois with reference to said matter, copy of said letter being attached to

the Complaint. Thereafter pursuant to the request of the State of Illinois, it submitted all of its records, including the original estimate, with reference to said project to the engineers, architects and other employees of the State of Illinois who were charged with the responsibility of designing and supervising the construction of the above described project; so that the State of Illinois was then fully advised that a mistake had been made.

6. Subsequent to the notification above referred to, Reynolds withdrew its bid and requested that its security deposit of Seven Thousand Five Hundred ($7,500.00) Dollars be returned to it. To this date, said security deposit has not been returned.

7. Thereafter the State of Illinois rejected all bids and readvertised the work. When the bids on the second readvertisement were opened, it was found that the price of the lowest bidder was $13,450 less than the lowest bid that was submitted under the first advertisement of the work, — assuming that Reynolds' bid be excluded because of the mistake hereinabove described.

8. This Affidavit is submitted in support of a Motion for Summary Judgment in the above entitled cause requiring the State of Illinois to return to Reynolds its security deposit of Seven Thousand Five Hundred ($7,500.00) Dollars.

All of the above allegations were admitted by the respondent in its reply to claimant's motion for summary judgment, and no defense to this claim was proffered by the respondent.

Nevertheless, it is incumbent upon the court to review the Illinois cases involving bidding errors to determine the legal basis, if any, for granting the relief sought by the claimant in this action as we did in the case of

*Consolidated Engineering Division* v. *State*, C.C. No. 5487, filed April 27, 1971. Under the facts in that case, which are quite similar to the case at bar, we awarded a refund in the amount of the claimant's bid deposit, relying on the Illinois Supreme Court's ruling in *Bromagin* v. *City of Bloomington*, 234 Ill. 114 (1908). This still appears to be the latest word from the Supreme Court that is closely in point. There a bidder in a municipal construction project erred in estimating his bid by inserting in the column set apart for the cost per foot of pipe the weight of the pipe per foot. The proposal was prepared in haste, the bidder having on the same day received financial backing for the job. The City accepted the bid knowing the mistake had been made. The Supreme Court held that the mistake did not show such negligence as would bar relief.

More recently our Appellate Court, speaking directly on the question involved here, reviewed *Bromagin* v. *City of Bloomington* (Supra) and cases from other jurisdictions in *People Ex Rel, Ill.Dept. of P.W. & B.* v. *South East National Bank*, 266 N.E.2d 778 (1971). This case is summarized in its syllabus as follows:

"Action by the Illinois Department of Public Works and Buildings against a bank to recover the amount of a certified check drawn on the bank by an engineering company as security deposit for a public construction contract. The engineering company intervened and filed a counterclaim for rescission. The Circuit Court of Cook County, George N. Leighton, J., granted the engineering company's motion for summary judgment; ordered the check "returned, and that Department appealed. The Appellate Court, Dempsey, J., held that the engineering contractor which submitted the lowest bid on public construction contract was entitled to rescind the contract and recover the amount of the security deposit upon showing that the mistake in the bid was due to an inadvertently misplaced decimal point that resulted from hasty preparation because of late quotations from some subcontractors and suppliers; That Department of Public Works and Buildings was promptly notified of the bidder's intention to withdraw its bid before the award was made; and that the Department was able, with no great loss, to award the contract to the next lowest bidder."

In the case at bar the respondent did not award the contract to the next lowest bidder, which would have been a substantial loss to the State, nor did it accept claimant's bid after knowing the mistake had been made, as in the case of *Bromagin* (Supra). Instead, respondent rejected all bids and readvertised the work. This procedure actually resulted in a savings to the State of $13,450.00 as explained in ¶7 of the facts previously stated. Moreover, claimant has agreed by stipulation that $500.00 of his claim is to be retained by the State to cover administrative costs incurred in reletting the contract for new bids.

As we said in *Consolidated* (Supra), "The Court is mindful of the fact that public officials must exercise extreme care and caution to avoid abuses of the competitive bidding process which have come to light in the past." However, we find no such abuse indicated in the case at bar.

Based on the uncontroverted facts in this case, the joint stipulation of the parties, and the law of this state as enuniciated in the cases cited above, we find that claimant's motion for summary judgment should be granted and an award made in the sum of $7,000.00.

The procedure for a summary judgment, is stated in §57 of the *Civil Practice Act*, pursuant to Rule 2 of this Court. Claimant has correctly followed such procedure and the respondent has declined to oppose claimant's motion.

An award is, therefore, entered in favor of claimant, S. J. Reynolds Co., Inc., in the sum of $7,000.00. This is a refund of a security deposit.