[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is a foreclosure action brought by the plaintiff Federal Deposit Insurance Corp., (FDIC), against the defendant Fox Brook Associates, Inc., (Fox Brook), owners of the property being foreclosed and Edward C. and Jo-Ann S. Lally, guarantors of the promissory note executed to obtain the loan secured by the mortgage in question.
The note and mortgage were signed by the defendant, Thomas J. Connerton as Secretary of Fox Brook. Connerton also personally guaranteed the note.
It is also undisputed that Connerton was a partner in the partnership which was selling the property to Fox Brook as well as being an officer in the purchasing corporation (Fox Brook). The Central Bank as the lending corporation was aware of this fact. FDIC has now taken over the assets of Central Bank.
The defendants have alleged the following special defenses:
 1. Special Defense of Fox Brook Associates, Inc. Thomas C. Connerton lacked authority to act for that corporation.
 2. Special Defense of Jo-Ann S. Lally. Jo-Ann S. Lally's guarantee is unenforceable because at the time she signed said guarantee she lacked "free will."
 3. Special Defenses of Jo-Ann S. Lally and Edward C. Lally.
 The guarantees executed by them are void and/or unenforceable because of a mistake by each of them as to the amount of money to be received by the borrower, Fox Brook.
The plaintiff, FDIC, has filed a motion for summary judgment alleging that each of these special defenses are either (1) irrelevant to the ultimate issue of foreclosure; (2) unsupported in fact; or (3) barred by the D'Oench, Duhme
doctrine created in D'Oench, Duhme Co v. Federal DepositIns. Corp., 315 U.S. 447 (1942) and its progeny. CT Page 2214
DISCUSSION
Summary judgment is a method of resolving litigation when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . McCann v. New Haven, 33 Conn. App. 56
(1993), citing Strada v. Connecticut Newspapers, Inc.,
193, Conn. 316-17 (1984). The test is whether a party would be entitled to a directed verdict on the same facts.United Oil Co. v. Urban Redevelopment Commission, 150 Conn. 364,375-76 (1969), citing White Motor Co. v. United States,372 U.S. 253, 259 83 S.Ct. 696, 9 L.Ed.2d 783 (63).
I. The D'Oench, Duhme Doctrine
This doctrine was formulated by the United States Supreme Court in the case of D'Oench, Duhme Co. v. Federal DepositIns. Corp., supra. The court in that case sought to protect the FDIC from fraudulent and unrecorded agreements which, if enforced by the courts, would tend to defeat the FDIC's interest in notes it inherits from the banks it insures. Id. at 459. The principle that note makers may not rely upon unrecorded side agreements to avoid paying notes assigned to the FDIC is generally known as the D'Oench, Duhme doctrine.
This principle, although broadened in scope in defining what an agreement is, i.e. encompassing all conditions upon performance, nevertheless provided that the doctrine does not bar defenses that would render an instrument void because such defenses leave "no right, title of interest `that could be diminish[ed] or defeat[ed].'" Langley v. Federal Deposit Ins.Corp., 484 U.S. 86, 93-94 (1987).
The question before this court then is whether these special defenses, or any of them, are of the nature abrogated by D'Oench, Duhme and can survive the defendant's challenge because they may constitute a viable defense under Connecticut law.
It is the opinion of this court that all three special defenses survive the doctrine because none contemplate any side agreements, secret agreements or other such agreements CT Page 2215 proscribed by D'Oench, Duhme. See also Federal DepositInsurance Corporation v. P.P.S. Associates, et al, U.S. Dist. Ct. #5.91 CV00518, Sept. 23, 1992, Eagan, U.S. Magistrate Judge, CLT Nov. 16, 1992.
II. Are these Defenses Valid under Connecticut Law?
a. The first defense, that of Fox Brook, is that Connerton lacked authority to act for the corporation. This defense is grounded on the theory that Central Bank knew that Connerton was a member of both the selling and buying groups and consequently should have investigated the propriety of his actions.
Although the law in Connecticut is sparse on the question of the lender's investigatory obligation under these circumstances, the common law and Connecticut Corporation law does support the theory that any third party must take notice of the possibility of malfeasance in such a case. Am.Jur.2d, Agency § 88, General Statutes § 33-323. Some courts have declared that when there is a hint of self-dealing or conflict of interest, third parties are on notice and act at their peril that authority to act may be absent. Fine v. HarneyCounty National Bank, 182 P.2d 379 (Oregon, 1947), AmericanRealty Co. v. Amey, et al, 121 ME 345, (Maine, 1922).
This court is therefore of the opinion that such a defense is legal and viable in Connecticut.
b. The second special defense filed by Jo-Ann S. Lally that she lacked "free will" to sign the agreement is characterized by her as the defense of lack of capacity.
This defense, of course, is recognized in Connecticut. In Cottrell v. Conn. Bank and Trust Co., 175 Conn. 257 (1978), our Supreme Court held that ". . . in Connecticut a party may avoid certain contractual obligations on the grounds that at the time they were entered into he or she was mentally incapacitated."
Accordingly, this special defense comports with Connecticut law.
c. The third special defense under attack filed by the Lallys, is that the guarantee is unenforceable because of a CT Page 2216 mistake.
There is, indeed, a large body of law in Connecticut on this subject and this court need not dwell on the various circumstances under which it could constitute a defense. It is a valid defense when the results of a mistake are "inequitable under the circumstances." Regional SchoolDistrict No. 4 v. United Pacific Ins. Co., 4 Conn. App. 175
(1985). The Lallys cannot prevail if the mistake substantially prejudiced Central Bank or they were so negligent in their appraisal of the transaction that they should be held to their guarantees. Naugatuck ValleyDevelopment Corp. v. Acmat Corp., 10 Conn. App. 414 (1987).
III. Is there a genuine issue of fact?
Having decided that all three special defenses may be presented in this claim, this court must now decide whether each or any of them present genuine issues of material fact so as to survive the plaintiff's motion for summary judgment.
The defendants have filed documentation, excerpts from depositions and affidavits in support of their factual claims underlying these special defenses.
The plaintiff has filed extensive documentary support for its claim that the evidence overwhelmingly proves that these defenses have no substance.
A motion for summary judgment, however, may not be granted by this court if it agrees with the plaintiff's position but a trier of fact could find otherwise, because litigants have a constitutional right to have issues of fact decided by a jury (or court) if they wish. Spencer v.Good Earth Restaurant Corporation, 164 Conn. 194, 196
(1972).
Accordingly, this court must, and does deny the plaintiff's motion for summary judgment as to each special defense.
Freed, J. CT Page 2217