[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
On July 1, 1995, the plaintiff's predecessor in interest, Copps Hill Plaza, through its agent, executed a lease with A2Z Medical Supply, Inc. The lease was signed by Kenneth S. Wein over the line entitled "tenant." Mr. Wein also signed a personal guaranty as part of the lease agreement. The lease is also signed by Lorraine Warner under the line marked "tenant." Lorraine Warner's signature also appears on the guarantor line.
Kenneth Wein was the president of A2Z Medical Supply. He and his wife were the owners of the establishment. A2Z Medical Supply defaulted on its payments to the plaintiff and has subsequently declared bankruptcy. Mr. Wein has also declared bankruptcy. The action was withdrawn as to both Mr. Wein and A2Z Medical Supply. The plaintiff has sued Lorraine Warner on the basis of her signature on the guaranty.
Lorraine Warner was not an owner of A2Z Medical Supply. She was neither an officer nor a director. She was an employee of A2Z Medical Supply and worked as the manager of the Copps Hill Plaza store. She testified that she did not read the lease or guaranty CT Page 7332 because Mr. Wein asked her to sign the document as a witness. She testified that she signed the document while Mr. Wein was holding the pages so that she only saw the bottom third of each page. The defendant testified that she never knew she was signing a guaranty. She testified that it was years later, after A2Z defaulted, that she was informed that she signed a guaranty. On page 18 of the lease, Lorraine Warner's signature appears with the initials VP next to it. She testified that she did not write the initials VP, and that she was never an officer of the corporation. She also indicated that the initials VP were not next to her name when she signed the document. Her signature appeared under Mr. Wein's signature who signed as president.
She further testified that although her signature was notarized, there was no notary present when she signed the document. Additionally, there is a social security number listed under her signature which is not her social security number. Plaintiff has brought suit against the defendant to recover approximately $150,000 in damages based upon her signature on the guaranty.
 II LAW
"The mistake of one only of the parties inducing him to sign a contract which, but for the mistake, he would not have entered into, may be a ground in some cases for cancelling the contract, but it cannot be a ground for a reformation of it." Snelling v.Merritt, 85 Conn. 83, 101 (1911); see also Geremia v. Boyarsky,107 Conn. 387 (1928); and Regional School District Number 4 v.United Pacific Insurance Company, 4 Conn. App. 175 (1985). The court finds the defendant's testimony to be credible to the effect that she believed that she was signing the document as a witness. There are several factors which lend credence to her testimony. First, she signed below the signature of Mr. Wein at the bottom of each page on the lease. There was no need for her to sign the document if she was signing as an officer. Mr. Wein, as the president of the company, was signing on behalf of the corporation. There was not any evidence produced at trial which indicated that this document required the signature of two corporate officers. Second, there was no evidence that the defendant was a corporate officer at any time. All testimony at trial was to the contrary. Third, the writing of the initials VP after the defendant's name does not appear to be her handwriting. The initials appear to have been written by Mr. Wein. The CT Page 7333 defendant testified that she was never an officer of the company and certainly not a vice-president. She further testified that the initials were not on the document when she signed it. Fourth, the defendant testified that a notary public was not present at the time she signed the document, although a notary's certificate was attached to the lease. In view of the fact that the notary did not testify at trial, the court has serious concerns regarding this aspect of the document. Fifth, there is an inaccurate social security number listed under the defendant's name on the guaranty. Sixth, the manner in which the defendant signed the lease with each page folded, lends further credence to her testimony. Finally, the defendant received no consideration for signing the document. She was not an officer or owner of the corporation. She was an employee. Her testimony regarding the execution of the lease is uncontroverted.
It is axiomatic that the defendant should have read the document before signing it. As a general rule, a party will not be given relief against a mistake induced by her own culpable negligence. However, the rule is not inflexible, and in many cases relief may be granted although the mistake was not mixed with some degree of negligence. Geremia v. Boyarsky, supra,107 Conn. 391. "The conclusion from the best authorities seems to be that the neglect must amount to the violation of a positive legal duty." 2 Pomeroy's Equity Jurisprudence (4th Ed.) § 856. The defendant was not under any positive legal duty to sign the guaranty in this matter. "The mistake of the defendants was of so fundamental a character that the minds of the parties did not meet; it was not, under the circumstances, the result of such culpable negligence as to bar the defendants of redress. . . ." Geremia v. Boyarsky, supra, 392. In view of the above factors, coupled with the court's concerns regarding the alteration of the document, equity dictates that a finding be made in favor of the defendant.
 III CONCLUSION
Based upon the foregoing reasons, judgment shall enter in favor of the defendant.
EVELEIGH, J.